UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TIGER CAPITAL, LLC,

    Plaintiff,

vs.

PHL VARIABLE INSURANCE COMPANY,

    Defendant.

---

ECF Case

Case No. 12 Civ. 2939 (CM)

**DEFENDANT PHL VARIABLE INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant PHL Variable Insurance Company ("PHL"),[1] hereby answers the March 14, 2012 Complaint (the "Complaint") of the plaintiff, Tiger Capital, LLC ("Tiger"), by specifically denying each and every allegation (including titles or headings) in the Complaint not specifically admitted herein, by asserting the affirmative defenses set forth below, and by responding to the individually numbered paragraphs in the Complaint as follows:

### FIRST CAUSE OF ACTION

1. PHL lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations in Paragraph 1, and therefore denies those allegations.

2. PHL admits that it is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

3. In response to the allegations in Paragraph 3 of the Complaint, PHL admits on information and belief that Tiger is the owner of the 138 life insurance policies listed in Exhibit A to the Complaint (the "Policies").

---

[1] The Complaint refers to PHL as "PHL Variable Life Insurance Company." This appears to be a misnomer.

4.      In response to the allegations in Paragraph 4 of the Complaint, PHL states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations in Paragraph 4 pertaining to whether all Policies are "in full force and effect," and therefore denies those allegations.

5.      In response to the allegations in Paragraph 5 of the Complaint, PHL admits that the Policies are of a product-type known as universal life insurance policies.

6.      In response to the allegations of Paragraph 6 of the Complaint, PHL states that the Policies speak for themselves, and are the best evidence of their terms.  Insofar as Plaintiff's characterization of policy terms or features in Paragraph 6 is inconsistent with the actual terms or features of the Policies, PHL denies such allegations.

7.      In response to the allegations of Paragraph 7 of the Complaint, PHL states that the Policies speak for themselves, and are the best evidence of their terms.  Insofar as Plaintiff's characterization of policy terms or features in Paragraph 7 is inconsistent with the actual terms or features of the Policies, PHL denies such allegations.

8.      In response to the allegations of Paragraph 8 of the Complaint, PHL states that the Policies speak for themselves, and are the best evidence of their terms.  Insofar as Plaintiff's characterization of policy terms or features in Paragraph 8 is inconsistent with the actual terms or features of the Policies, PHL denies such allegations.

9.      In response to the allegations of Paragraph 9 of the Complaint, PHL states that the Policies speak for themselves, and are the best evidence of their terms.  Insofar as Plaintiff's characterization of policy terms or features in Paragraph 9 is inconsistent with the actual terms or features of the Policies, PHL denies such allegations.

10. In response to the allegations of Paragraph 10 of the Complaint, PHL states that the Policies speak for themselves, and are the best evidence of their terms. Insofar as Plaintiff's characterization of policy terms or features in Paragraph 10 is inconsistent with the actual terms or features of the Policies, PHL denies such allegations.

11. In response to the allegations of Paragraph 11 of the Complaint, PHL states that the Policies speak for themselves, and are the best evidence of their terms. Insofar as Plaintiff's characterization of policy terms or features in Paragraph 11 is inconsistent with the actual terms or features of the Policies, PHL denies such allegations.

12. In response to the allegations in Paragraph 12 of the Complaint, PHL admits that in 2011 it provided notice that certain policies would be subject to a cost of insurance rate adjustment by sending letters to the owners of record of such policies, including Tiger, but denies Plaintiff's allegation in Paragraph 12 that 134 of the Policies were subject to a cost of insurance rate increase.

13. In response to the allegations of Paragraph 13 of the Complaint, PHL admits that it received from Tiger a written request for information concerning the cost of insurance rate adjustment, a copy of which is attached to the as Complaint as Exhibit B, and further states that that letter speaks for itself.

14. In response to the allegations of Paragraph 14 of the Complaint, PHL denies that it "refused to provide the basis for the increase in the Cost of Insurance Rate," but admits that it declined Tiger's request to provide certain confidential information concerning the cost of insurance rate adjustment, and further states that its letter to Tiger, a copy of which is attached to the Complaint as Exhibit C, speaks for itself.

15. PHL lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations in Paragraph 15, and therefore denies those allegations. To the extent Paragraph 15 alleges that Tiger "suffered damages . . . as a result of" PHL's conduct, PHL denies that it breached any of its obligations under the Policies or engaged in any wrongful conduct whatsoever.

16. PHL lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations in Paragraph 16, and therefore denies those allegations. To the extent Paragraph 16 alleges that Tiger "paid additional premiums to PHL as a result of" PHL's conduct, PHL denies that it breached any of its obligations under the Policies or engaged in any wrongful conduct whatsoever.

17. In response to Plaintiff's speculative conclusion based on an incomplete hypothetical alleged in paragraph 17 of the Complaint, PHL states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's vague allegations in Paragraph 17, and therefore denies those allegations.

18. In response to the allegation in Paragraph 18 of the Complaint, PHL denies that it has "failed to provide any basis" for the cost of insurance rate adjustment.

19. In response to the allegation in Paragraph 19 of the Complaint, PHL denies that it "cannot provide any basis" for the cost of insurance rate adjustment.

20. In response to the allegation in Paragraph 20 of the Complaint, PHL denies that it has "failed to provide any basis" for concluding that the cost of insurance rate adjustment "does not unfairly discriminate within any class of insureds." PHL further denies that it breached any of its obligations under the Policies or engaged in any wrongful conduct whatsoever.

21.     In response to the allegation in Paragraph 21 of the Complaint, PHL denies that it "cannot provide any basis" for concluding that the cost of insurance rate adjustment "does not unfairly discriminate within any class of insureds." PHL further denies that it breached any of its obligations under the Policies or engaged in any wrongful conduct whatsoever.

22.     Paragraph 22 of the Complaint contains a legal conclusion that requires no response by PHL. To the extent a response is required, PHL denies that Tiger is entitled to a refund of $150,000, or any amount.

23.     Paragraph 23 contains a legal conclusion that requires no response by PHL. To the extent a response is required, PHL denies that Tiger is entitled to a refund of any amount of additional premium paid on the Policies during the pendency of this action.

## SECOND CAUSE OF ACTION

24.     PHL incorporates by reference its answers in response to the allegations contained in Paragraphs 1 through 23 above as though fully set forth herein.

25.     Paragraph 25 contains legal conclusions that require no response by PHL. To the extent a response is required, PHL denies that Plaintiff is entitled to the order sought in Paragraph 25, and further denies that it breached any of its obligations under the Policies or engaged in any wrongful conduct whatsoever.

## PRAYER FOR RELIEF

In response to the WHEREFORE paragraph of the Complaint, PHL denies that Plaintiff is entitled to any relief whatsoever.

## PHL's AFFIRMATIVE DEFENSES

As and for separate and affirmative defenses and avoidances to the Complaint, PHL alleges as follows; provided however, that by alleging the matters set forth in these defenses,

PHL does not thereby allege or admit that it has the burden of proof or persuasion with respect to any of these matters.

### First Affirmative Defense:
### (Failure to State a Cause of Action or Claim Upon Which Relief Can Be Granted)

Each purported cause of action alleged in the Complaint fails to state facts or allegations sufficient to constitute a cause of action or claim against PHL upon which relief can be granted.

### Second Affirmative Defense:
### (Lack of Personal Jurisdiction)

The Complaint is barred for lack of personal jurisdiction.

### Third Affirmative Defense:
### (Estoppel)

The Complaint is barred by the conduct, actions and inactions of Plaintiff, which amount to and constitute estoppel of the causes of action and any relief sought thereby.

### Fourth Affirmative Defense:
### (Waiver)

Each purported cause of action alleged in the Complaint is barred by the conduct, actions and inactions of Plaintiff, which amount to and constitute a waiver of any right or rights that Plaintiff may or might have in relation to the matters alleged in the Complaint.

### Fifth Affirmative Defense:
### (Consent)

By its own conduct, acts and omissions, Plaintiff consented and acquiesced to PHL's conduct.

### Sixth Affirmative Defense:
### (Failure to Mitigate)

Although PHL denies that Plaintiff has suffered any damage, loss, or harm as alleged in the Complaint, to the extent that Plaintiff has suffered damage, loss, or harm, Plaintiff has failed to mitigate that damage, loss, or harm.

### Seventh Affirmative Defense:
### (Lack of Proper Standing)

The Second Cause of Action is barred because Plaintiff lacks standing to seek the requested order.

### Eighth Affirmative Defense:
### (Ratification)

Each purported cause of action alleged in the Complaint is barred by the conduct, actions and inactions of Plaintiff under the doctrine of ratification.

### Ninth Affirmative Defense:
### (Inequitable Windfall)

Plaintiff has already received the benefit of its bargain.

### Tenth Affirmative Defense:
### (Adequate Remedies at Law)

The Complaint's prayers for equitable relief are barred because Plaintiff has adequate remedies at law.

### Eleventh Affirmative Defense:
### (Filed Policy/Rate Doctrine)

With respect to the claims of the Plaintiff, the terms and conditions imposed with respect to the insurance that is the subject of the Complaint complied with all applicable statutes, regulations, and/or filed rates and policy forms. To the extent that the causes of action advanced in the Complaint challenge the terms contained in policy forms accepted for those terms and conditions, such claims are barred as a matter of law, since among other things, all such claims seek to obtain a contract term other than the filed and accepted forms.

### Twelfth Affirmative Defense:
### (Primary or Exclusive Jurisdiction)

The claims advanced in the Complaint by Plaintiff, insofar as they relate to alleged conduct that is subject to the regulatory jurisdiction of one or more regulatory or administrative agencies or bodies, are subject to the exclusive or primary jurisdiction of those regulatory or administrative agencies. Alternatively, such claims are barred by the absence of any private right of action with regard to conduct submitted to the discretion of a regulatory or administrative agency or body.

### Thirteenth Affirmative Defense:
### (Regulatory Approvals)

Plaintiff's claims are barred to the extent that state and federal agencies having jurisdiction over the business practices of PHL have approved those practices.

### Fourteenth Affirmative Defense:
### (No Breach of Duty)

PHL denies that it or any of its agents, principals or representatives breached any duty or obligations allegedly owed to Plaintiff.

### Fifteenth Affirmative Defense:
### (Contractual Provisions and Conditions;
### Integration and Merger; Parol Evidence Rule)

The causes of action advanced in the Complaint are barred by the integrated terms and conditions of the Policies.

### Sixteenth Affirmative Defense:
### (Unclean Hands)

The claims asserted in the Complaint are barred by Plaintiff's unclean hands.

### Seventeenth Affirmative Defense:
### (Duty to Read)

The claims asserted in the Complaint are barred, in whole or in part, because the alleged matters about which Plaintiff complains were adequately disclosed to Plaintiff, and Plaintiff failed to read the documents that were provided to it that disclosed such matters.

### Eighteenth Affirmative Defense:
### (No Entitlement to Jury Trial on Equitable Claims)

Jury trials are available for actions at law only. Therefore, Plaintiff is not entitled to a jury trial on its equitable claims.

### Nineteenth Affirmative Defense:
### (Statute of Frauds)

The purported claims made by Plaintiff are barred by the statute of frauds.

### Twentieth Affirmative Defense:
### (No Measurable Harm)

The purported claims for damages and restitution made by Plaintiff are barred because, among other things, the restitution and injunctive order sought are unrelated to any measurable harm.

### Twenty-First Affirmative Defense:
### (Payment, Accord and Satisfaction)

The claims asserted in the Complaint are barred, in whole or in part, by payment or the doctrine of accord and satisfaction.

### Twenty-Second Affirmative Defense:
### (Release)

The purported claims made by Plaintiff are precluded to the extent that Plaintiff previously released some or all of its claims.

### Twenty-Third Affirmative Defense:
### (No Proximate Causation)

The purported claims made by Plaintiff are barred from any recovery for damages, restitution, or other monetary relief because there is no causal connection between the alleged wrongdoing on the one hand, and any harm to Plaintiff on the other hand.

### Twenty-Fourth Affirmative Defense:
### (Proportionate Reduction of Relief)

To the extent that other persons or entities, rather than PHL, are at fault with respect to the matters complained of herein, and/or the alleged harm or damages suffered, any recovery by Plaintiff should be reduced by the proportion of such harm or damages, if any, caused by said other persons or entities.

### Twenty-Fifth Affirmative Defense:
### (Res Judicata and Collateral Estoppel)

The claims asserted in the Complaint are precluded by res judicata and/or collateral estoppel principles, to the extent there are prior actions raising the same claims and issues as are raised in this action, which prior actions were resolved after full and fair litigation.

### Twenty-Sixth Affirmative Defense:
### (No Privity)

The claims asserted in the Complaint are precluded or limited to the extent there is no privity by Plaintiff to the Policies.

### Twenty-Seventh Affirmative Defense:
### (Illegality)

The claims asserted in the Complaint are barred or limited with respect to any Policies that are void or voidable under applicable public policy or state law.

### Twenty-Eighth Affirmative Defense:
### (No Injury or Loss)

Plaintiff's claims are barred because Plaintiff has not suffered injury in fact or lost money or property as a result of any alleged conduct by PHL.

**Twenty-Ninth Affirmative Defense:**
**(Failure to Exhaust Administrative Remedies)**

Plaintiff's claims are barred, in whole or in part, for failure to exhaust its administrative remedies.

**Thirtieth Affirmative Defense:**
**(Ripeness)**

The purported claims of Plaintiff are not ripe for adjudication.

**Thirty-First Affirmative Defense:**
**(Voluntary Payment Doctrine)**

Plaintiff's claims are barred by the doctrine of voluntary payment.

**Thirty-Second Affirmative Defense:**
**(Failure to Adhere To Contractual Conditions**
**and Failure of Consideration)**

Plaintiff's claims are barred, in whole or in part, with respect to any Policies as to which Plaintiff failed to adhere to and perform contractual conditions and/or failed to provide the full consideration as required by the Policies.

**Thirty-Third Affirmative Defense:**
**(Other Defenses)**

PHL reserves the right to amend or supplement its affirmative defenses to include any defenses of which it is not presently aware.

**WHEREFORE**, PHL prays for judgment as follows:

1. That Plaintiff takes nothing by the Complaint against PHL;

2. That the Complaint be dismissed with prejudice;

3. That PHL recovers its reasonable expenses and costs herein; and

4. For such other and further relief as the Court deems just and proper.

Dated:  Washington, DC
        May 18, 2012

By: /s/ Waldemar J. Pflepsen, Jr.

| | |
|---|---|
| Waldemar J. Pflepsen Jr. (*pro hac vice*) | Patrick J. Feeley (PF-4931) |
| Stephen J. Jorden (SJ-5009) | Jonathan R. Montcalm (JM-8866) |
| Jason H. Gould (JG-2012) | DORSEY & WHITNEY LLP |
| Brian P. Perryman (*pro hac vice*) | 51 West 52nd Street |
| JORDEN BURT LLP | New York, New York 10019 |
| 1025 Thomas Jefferson Street, N.W., Suite 400 East | (212) 415-9200 |
| Washington, DC 20007 | feeley.pat@dorsey.com |
| (202) 965-8100 | montcalm.jonathan@dorsey.com |
| wjp@jordenusa.com | |
| sj@jordenusa.com | |
| jhg@jordenusa.com | |
| bpp@jordenusa.com | |

*Attorneys for Defendant*
*PHL Variable Insurance Company*

250225