UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
TIGER CAPITAL, LLC,                 : 12 Civ. 2939 (CM) (JCF)
                                    :
                 Plaintiff,         :       MEMORANDUM
                                    :       AND  ORDER
     - against -                    :
                                    :
PHL VARIABLE INSURANCE COMPANY,     :
                                    :
                 Defendant.         :
- - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

     Tiger Capital, LLC ("Tiger") brings this action against the

PHL Variable Insurance Company ("PHL") challenging PHL's 2011 cost

of insurance rate adjustment.  This case is related to Fleisher v.

Phoenix Life Insurance Co., No. 11 Civ. 8405, and U.S. Bank

National Association v. PHL Variable Co., No. 12 Civ. 6811.  The

defendant now moves for an order compelling the plaintiff to

produce responsive documents and to produce Barry Zyskind for a

deposition.

Background[1]

     On August 29, 2012, PHL propounded its First Set of Requests

for Production of Documents ("RFP").   (Defendant PHL Variable

Insurance Company's First Set of Requests for Production ("RFP"),

attached as Exh. A to Declaration of Ben V. Seessel dated Aug. 6,

2013 ("Seessel Decl.")).   The plaintiff, in September 2012,

collected approximately two million documents that were potentially

---

[1] The facts relating to the plaintiff's claims are set forth
in detail in U.S. Bank National Association v. PHL Variable Co.,
No. 12 Civ. 6811, 2012 WL 5395249 (S.D.N.Y. Nov. 5, 2012),
familiarity with which is presumed.

1

responsive including 200,000 documents from Steven Ungar, Tiger's in-house counsel. (Declaration of Phillip M. Manela dated Aug. 16, 2013 ("Manela Decl."), ¶¶ 2-3). The plaintiff, however, did not produce any documents until January 31, 2013, and made two additional productions on February 8 and March 19, 2013, producing in total 6,295 documents with 111,368 bates numbered pages. (Seessel Decl., ¶ 3; Letter of Phillip M. Manela dated Jan. 31, 2013, attached as Exh. C to Seessel Decl.; Letter of Phillip M. Manela dated Feb. 8 2013, attached as Exh. D to Seessel Decl.; Letter of Phillip M. Manela dated March 19, 2013, attached as Exh. E to Seessel Decl.).

On June 27, 2013, PHL served a notice of deposition for Barry Zyskind, Chief Executive Officer of AmTrust Financial Services, Inc. ("AmTrust"), Tiger's parent company. (Notice of Deposition dated June 27, 2013, attached as Exh. K to Seessel Decl.). Tiger did not formally object to the deposition but would not commit to his appearance. (Seessel Decl., ¶ 18).

On July 5, 2013, Tiger informed PHL that it had "'identified' a 'very large number of responsive non-privileged documents'" which contained some non-responsive information but would not produce them unless PHL's counsel agreed not to use the non-responsive information or share it with their client. (Seessel Decl., ¶ 4). The defendant brought a motion to compel the production of those documents (Docket no. 35), which it later withdrew, having resolved the issue with the plaintiff. (Memorandum Endorsement dated July 22, 2013, at 1).

2

On July 12, July 25, and August 2, 2013, the plaintiff produced additional documents, consisting of 18,164 documents, or 141,690 bates numbered pages. (Seessel Decl., ¶¶ 6-7; Letter of Phillip M. Manela Dated July 25, 2013, attached as Exh. G to Seessel Decl.; Letter of Phillip M. Manela Dated Aug. 2, 2013, attached as Exh. H to Seessel Decl.; Defendant's Memorandum of Law in Support of Its Motion to Compel Production of Documents and Appearance at Noticed Deposition ("Def. Memo.") at 3).

On July 5, 2013, the defendant asked the plaintiff to provide a firm date by which it would provide a privilege log and the plaintiff responded that it believed that "nothing ha[d] been redacted or withheld as privileged from the documents Tiger [had] produced thus far." (Seessel Decl., ¶ 15). Tiger later informed PHL that it had "'identified a large number of documents with Steve Ungar's name,' and was 'in the process of reviewing these for privilege . . . .'" (Seessel Decl., ¶ 16).

Discussion

A.   Document Production

PHL seeks to compel Tiger to produce all responsive documents. In response, Tiger contends that it has produced "[m]any, if not all" of the documents sought by the defendant and any delay in production is a result of the large volume of potentially responsive documents and its limited resources. (Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Compel ("Pl. Memo.") at 2-3; Declaration of Phillips M. Manela dated Aug. 16, 2013 ("Manela Decl."), ¶¶ 1, 4, 7, 10). It has not objected to

3

the production of documents identified in the defendant's motion. Accordingly, the plaintiff shall produce the following documents to the extent that they are non-privileged within a week of this order:

- Purchase and sale agreements regarding all PHL policies Tiger has acquired (RFP No. 4);

- Transaction memoranda regarding all completed or contemplated purchases of PHL policies (RFP No. 12);

- Documents reflecting due diligence performed by Tiger regarding the purchase of PHL policies (RFP Nos. 13 and 37);

- Final version of the document titled "AMT Capital: Procedure and Controls" (Def. Memo. at 6); and

- Agreements with third parties who assisted Tiger in the acquisition, consulting, administration, monitoring, or serving of the PHL policies, including the final, executed copy of the Madison agreement (Def. Memo. at 6-7).

The defendant also requests that the Court allow the depositions of Tiger's Rule 30(b)(6) witnesses to be reopened in order to address documents that were belatedly produced and to enlarge the time for taking these depositions. (Def. Memo. at 4 n.1). The plaintiff does not oppose this request. I am not authorized to extend the time for taking deposition but will permit the defendant to reopen the deposition of Tiger witnesses for the limited purpose of addressing documents that were produced after the witnesses were deposed. See Sentry Insurance A Mutual Co. v. Brand Management Inc., Nos. 10 CV 347, 11 CV 3966, 2012 WL 6617357, at *7 (E.D.N.Y. Dec. 19, 2012) (reopening deposition of witness who was deposed prior to production of documents for limited purpose of questioning witness on those documents); Briese Lichttechnik

4

<u>Vertriebs GmbH v. Langston</u>, No. 09 Civ. 9790, 2012 WL 3084520, at
*5 (S.D.N.Y. July 26, 2012) (noting plaintiff may reopen deposition
of witnesses).

     B.   <u>Privilege Log</u>

     PHL contends that Tiger has waived its claim of privilege and
work product protection for the 200,000 documents collected from
Mr. Unger because it has failed to produce a privilege log in
eleven months since receiving the RFP. (Def. Memo. at 7-8). Tiger
asserts that it is still in the process of reviewing potentially
privileged documents, including those of Mr. Ungar. (Manela Decl.,
¶ 8).

     A party that withholds documents on the ground of privilege
must submit a log describing the documents so that the claim of
privilege can be assessed.  Fed. R. Civ. P. 26(b)(5)(A).  Rule
26.2(b) of the Local Rules of the United States District Courts for
the Southern and Eastern Districts of New York provides that the
privilege log "shall be furnished in writing at the time of the
response to such discovery or disclosure, unless otherwise ordered
by the Court."  At the same time, "[w]hile failure to provide a
privilege log in a timely manner may result in a waiver, [o]nly
flagrant violations require such an outcome."  <u>Grand River
Enterprises Six Nations, Ltd. v. King</u>, No. 02 Civ. 5068, 2009 WL
63461, at *3 (S.D.N.Y. Jan. 12, 2009) (second alteration in
original) (internal quotation marks and citations omitted).
"Whether waiver is warranted depends on such factors as the length
of the delay, the willfulness of the transgression, and the harm to

other parties." <u>Dey, L.P. v. Sepracor, Inc.</u>, No. 07 Civ. 2353, 2010 WL 5094406, at *2 (S.D.N.Y. Dec. 8, 2010) (citing <u>Schiller v. City of New York</u>, 245 F.R.D. 112, 118 (S.D.N.Y. 2007)).

Since the plaintiff has not redacted or withheld any document on the ground of privilege thus far (Seessel Decl., ¶ 15) and is still in the process of reviewing Mr. Unger's documents (Manela Decl., ¶ 8), it has not waived privilege. However, the plaintiff's failure to begin reviewing Mr. Ungar's documents until July 2013 -- while identifying him as an individual likely to have discoverable information in its Rule 26(a)(1) disclosures on June 15, 2012 -- is not acceptable. Accordingly, Tiger shall produce a privilege log within one week of the date of this order and is cautioned that failure to do so will result in a finding that it has waived privilege.

C. <u>Deposition of Barry Zyskind</u>

The plaintiff objects to the deposition of Mr. Zyskind on the grounds that it would be redundant and that he has no unique information that cannot be obtained from persons who have already been or will be deposed. (Pl. Memo. at 4-7).

While a senior executive like Mr. Zyskin is not immune from discovery, "'[c]ourts have recognized an additional layer of protection for senior corporate executives subject to depositions.'" <u>Guzman v. News Corp.</u>, No. 09 Civ 9323, 2012 WL 2511436, at *1 (S.D.N.Y. June 29, 2012) (alteration in original) (quoting <u>Alex & Ani, Inc. v. MOA International Corp.</u>, 10 Civ. 4590, 2011 WL 6413612 (S.D.N.Y. Dec. 21, 2011)); <u>see Chevron Corp. v.</u>

6

Donzinger, No. 11 Civ. 691, 2013 WL 1896932, at *1 (S.D.N.Y. May 7, 2013) (noting that senior executives are not exempt from deposition except in compelling circumstances).  Although there is a split of authority on  which side bears the burden of proof, courts consider whether the proposed deponent has personal and unique knowledge of the relevant facts.  Compare Burns v. Bank of America, 03 Civ. 1685, 2007 WL 1589437, at *3 (S.D.N.Y. June 4, 2007) ("Unless it can be demonstrated that a corporate official has some unique knowledge of the issues in the case, it may be appropriate to preclude a deposition of a highly-placed executive while allowing other witnesses with the same knowledge to be questioned." (internal quotation marks and brackets omitted)) with Malletier v. Dooney, 04 Civ. 5316, 2006 WL 3476735, at *12 (S.D.N.Y. Nov. 30, 2006) ("[I]f a party seeks to depose a very senior official of an adversary entity, the adversary may obtain an order vacating the deposition notice if it can demonstrate that the proposed deponent has no personal knowledge of the relevant facts and no unique knowledge of those facts"); cf. Fermin v. Rite Aid of New York, No. 11 Civ. 12, 2012 WL 364035, at 2 n.1 (S.D.N.Y. Feb. 3, 2012) (noting inconsistency in this court as to which side bears the burden of proving unique knowledge and finding more correct approach is allocating burden on party resisting deposition).

Even assuming that Tiger bears the burden of proof, it has shown that Mr. Zyskind possesses no unique knowledge of the relevant facts.  According to Mr. Zyskind, he "can provide no unique knowledge as to any of the issues in this litigation or

unique knowledge as to life settlement or the PHL policies" and his knowledge of the relevant facts is based on what has been information provided by Mr. Bahier, Mr. Powers, and Mr. Unger, all of whom have been or will be deposed. (Affirmation of Barry D. Zyskind dated Aug. 16, 2013 ("Zyskind Aff."), ¶¶ 6-7; Pl. Memo. at 5). Mr. Bahier also testified that, contrary to the defendant's assertion, Mr. Zyskind does not chair the transaction committee that makes decisions regarding Tiger's life settlement business. (Pl. Memo. at 5). Further, as the CEO of AmTrust –– a company whose assets total over $9 billion –– it is unlikely that Mr. Zyskind possesses unique knowledge regarding Tiger's business dealings unknown to Mr. Bahier, the manager of Tiger, which is 50% owned by AmTrust and valued at less than $105 million, or approximately 1% of AmTrust's assets.

The defendant has not produced any evidence to the contrary. Rather, the evidence the defendant points to only bolsters Tiger's assertion that Mr. Zyskind was merely advised of the status of assets and opportunities and did not play an active role in Tiger's life settlement business or in its acquisition of the Policies. (Defendant's Reply in Support of Its Motion to Compel Production of Documents and Appearance at Noticed Deposition ("Reply")).

First, the defendant points to the fact that Mr. Zyskind was present at transaction committee meetings concerning the prospective purchase of life insurance policies and received memoranda regarding life insurance policies available for purchasing. (Deposition Transcript of Mark E. Schultze dated Aug.

8

14, 2013, attached as Exh. C to Declaration of Ben V. Seessel dated Aug. 21, 2013 ("Seessel Decl. II"), at 47, 162, 165). However, Mr. Zyskind did not chair the transaction committee, and his presence at the meetings alone does not suggest that Mr. Zyskind possessed unique knowledge.

Second, the defendant points to the testimony of Stephen Farrier of Madison Strategic Partners ("Madison"), which negotiated Tiger's first purchase of life insurance policies and which monitors and services Tiger's portfolio of life insurance policies. Mr. Farrier testified that he communicates with Mr. Zyskind about once a month regarding "the state of [the] market[] and the opportunities to purchase policies" and that he met once with Mr. Zyskind prior to Tiger's first purchase of life insurance policies. (Deposition Transcript of Stephen Farrier dated Aug. 19, 2013. ("Farrier Tr."), attached as Exh. A to Seessel Decl. II, at 140-142). However, this only suggests that Mr. Zyskind was advised of the general market and the opportunities, not that he possesses any unique knowledge regarding Tiger's life settlement business or of its acquisition of the Policies.

Third, the defendant asserts that Tiger employee Christopher Powers testified that he regularly consults with Mr. Zyskind regarding Tiger's life settlement business. (Reply at 8; Deposition Transcript of Christopher J. Powers dated Aug. 5, 2013 ("Powers Decl."), attached as Exh. B to Seessel Decl. II, at 27). The defendant overstates Mr. Powers' testimony. Mr. Powers testified that Mr. Zyskind "walk[s] around the office and just

stop[s] by" and characterized his interaction with Mr. Zyskind as "really quite informal." (Powers Decl. at 27). Again, this at best shows that Mr. Zyskind was advised of the relevant facts.

Lastly, the defendant points to an e-mail exchange between Mr. Zyskind and Louis Kreisberg, a principal at Madison, which addressed apparent friction between Mr. Bahier and Madison. (E-mail of Barry Zyskind dated June 29, 2012 ("Zyskind e-mail"), attached as Exh. D to Seessel Decl. II). But Mr. Zyskind's e-mail merely states that he is "not familiar with these emails" and that he will have to first speak with Mr. Bahier. (Zyskind e-mail). Contrary to the defendant's assertion, this only bolsters Tiger's contention that Mr. Zyskind was removed from Tiger's day-to-day business dealings.

Thus, none of the evidence the defendant points to indicates that Mr. Zyskind possesses unique knowledge of relevant facts not known to witnesses who were deposed or will be deposed. Accordingly, the defendant's request to compel Mr. Zyskind's deposition is denied.

<u>Conclusion</u>

For the reasons set forth above, PHL's motion to compel (Docket no. 45) is granted in part and denied in part as set forth above. Tiger shall produce the remaining responsive documents and a privilege log within one week of the date of this order.

SO ORDERED.

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       August  26, 2013

Ira S. Lipsius, Esq.
Phillip M. Manela, Esq.
Lipsius-Benhaim Law, LLP
14 Penn Plaza
Suite 500
New York, NY 10122

Brian P. Perryman, Esq.
Jason H. Gould, Esq.
Waldemar J. Pflepsen, Jr., Esq.
Jorden Burt LLP
1025 Thomas Jefferson St., N.W.
Suite 400 East
Washington, D.C. 20007

Raul A. Cuervo, Esq.
Jordan Burt LLP
777 Brickell Ave., Suite 500
Miami, FL 33131-2803

Stephen J. Jorden, Esq.
Ben V. Seessel, Esq.
Jorden Burt LLP
175 Powder Forest Drive
Simsbury, CT 06089

Patrick J. Feeley, Esq.
Jonathan R. Montcalm, Esq.
Dorsey & Whitney LLP
51 West 52nd Street
New York, NY 10019

11